MEMORANDUM *
A jury found Appellant-Defendant Mois-és Valle Mercado (“Mercado”) guilty of conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. In this appeal, Mercado contends he was entrapped, there was insufficient evidence to support a guilty verdict on Count 2, and the district court erred at sentencing by failing to grant him a “minor participant” downward departure.
Viewing the evidence in the government’s favor, a reasonable jury could have concluded the government disproved the elements of the entrapment defense. See United States v. Williams, 547 F.3d 1187, 1197 n. 8 (9th Cir.2008) (citation omitted). Mercado’s connection to the supplier of the methamphetamine and his familiarity with the drug sale process demonstrated he was not an otherwise innocent person induced to participate by “trickery, persuasion, or fraud.” Id. at 1197 (quoting United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986)). The record shows that when the informant asked Mercado about drugs, Mercado indicated he could get them. Within a very short period, Mercado arranged a sale involving eight pounds of ninety-five percent pure methamphetamine. Mercado’s contention that he feared the informant and felt compelled to arrange the deal is without merit. Nothing in the record supports that claim.
Mercado argues he was vulnerable because of his gambling addiction, emotional problems, and sleeping issues, but does not offer any evidence that the government was aware of these conditions or used them to induce his criminal activity. Although the subject drug transaction may not have occurred but for the request of the informant, the informant did nothing more than provide a criminal opportunity. See Sorrells v. United States, 287 U.S. 435, 441, 53 S.Ct. 210, 77 L.Ed. 413 (1932).
The evidence was sufficient to support the jury’s guilty verdict for possession with intent to deliver methamphetamine. Mercado knowingly facilitated the drug deal by introducing the informant to the source of *391 the drug supply. See 18 U.S.C. § 2(a). He encouraged the informant to follow through with the transaction, intended that the drug deal be completed, and was a participant in the deal. See id.; United States v. Singh, 532 F.3d 1053, 1057-58 (9th Cir.2008).
The district court did not err by denying a “minor participant” downward sentence departure. Mercado may be less culpable than the supplier, but not to the extent that a minor role reduction should be applied. See United States v. Pena-Gutierrez, 222 F.3d 1080, 1091 (9th Cir.2000) (citations omitted), cert. denied, 531 U.S. 1057, 121 S.Ct. 670, 148 L.Ed.2d 570 (2000).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.